UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22059-Civ-JORDAN
MAGISTRATE JUDGE P.A. WHITE

ROBERTO RODRIGUEZ,                    :

    Petitioner,                   :

v.                                    :        REPORT OF

                                   MAGISTRATE JUDGE

WALTER MCNEIL,                        :

    Respondent.                   :

_____

    Roberto Rodriguez, who is presently confined at the Dade Correctional Institution in Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his sentence in case numbers F91-36012E and F92-13442A, entered in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County.

    This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The Court has before it materials including the amended petition,[1] Rodriguez's response on limitations, Respondent's response and supplemental response to orders to show cause with appendixes containing multiple exhibits and Rodriguez's reply.

_____

[1] Rodriguez filed his original petition in this Court on July 10, 2008. He filed an amended petition on November 7, 2008, with this Court's permission. As the Court previously advised the petitioner, it will only consider the amended petition. [DE# 15].

1

I. <u>Procedural History</u>

Rodriguez's present incarceration is the result of two Miami-Dade County cases in which he pled nolo contendere in a consolidated plea hearing.

<u>F91-36012E</u>

In case number F91-36012E, Rodriguez and ten co-defendants were indicted on multiple counts related to cocaine trafficking. Rodriguez was charged with racketeering (count I), cocaine trafficking (counts IV, IX), conspiracy to traffic (counts V, X), burglary of a structure (count VII), grand theft (counts VIII, XXXII), armed robbery (count XXX) and conspiracy to commit armed robbery (count XXXI). [DE# 16, tab A].

<u>F92-13442A</u>

In case number F92-13442A, the State charged Rodriguez by information with armed robbery (count I), aggravated assault (count II) and dealing in stolen property (count III). [DE# 16, tab B].

The State agreed to drop the racketeering count in case number F91-36012E in exchange for Rodriguez's nolo contendere pleas to the remaining charges in that case as well all the charges in case number F92-13442A. <u>See</u> [DE# 16, tab C] (plea colloquy). On September 1, 1993, the trial court accepted Rodriguez's plea, adjudicated him guilty and sentenced him to concurrent seventeen-year sentences with credit for time served prior to sentencing. [DE# 16, tab C, D, E]. Rodriguez did not pursue a direct appeal.

Rodriguez filed his first Rule 3.850 motion for post conviction relief on September 20, 1995. He raised multiple grounds but ultimately pursued only three: lack of a factual basis for his plea (ground 3), involuntary plea due to counsel's exaggeration of

the maximum sentence he faced at trial, (ground 4), and a scoresheet error (ground 10). [DE# 16, Ex. Z, tabs F, G]. The trial court denied relief and the Third District Court of Appeal affirmed. [DE# 16, Ex. Z, tabs L, N]; Rodriguez v. State, 683 So. 2d 183 (Fla. 3d DCA 1996) (3D96-1344). The Third District issued its mandate on December 6, 1996. [DE# 16, Ex. Z, tab R].

On February 5, 1997, Rodriguez filed his second Rule 3.850 motion for post conviction relief in the trial court.[DE# 16, Ex. Z, tab S]. He argued trial counsel provided ineffective assistance by promising Rodriguez would earn early release credits and would only serve six years in prison. The court denied relief on March 14, 1997. [DE# 16, Ex. Z, tab S]. The Third District affirmed on October 1, 1997. Rodriguez v. State, 699 So. 2d 1385 (Fla. 3d DCA 1997) (3D97-1063). The mandate issued on October 17, 1997.[2]

On July 8, 1999, Rodriguez was placed on conditional release. [DE# 3 at 66-69]. However, the Florida Parole Commission found he violated his conditional release and revoked it on November 9, 2005, effective May 23, 2005. [DE# 3 at 9]. The Parole Commission declined to grant Rodriguez credit for the time he spent on conditional release. [DE#3 at 9]. The Commission also forfeited Rodriguez's gain time. See [DE# 3 at 70] (Assistant Warden's April 14, 2006, response to request for administrative remedy).

Rodriguez filed a petition for writ of mandamus challenging the Commission's actions on December 12, 2005, in Miami-Dade County

---

[2] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Third District Court of Appeal, http://199.242.69.70/pls/ds/ds_docket_search?pscourt=3, viewed this date in case number 3D97-1063. See Fed. R. Evid. 201.

circuit court.[3] [DE# 40, Ex. A]. He argued his parole should be reinstated because: (1) revocation was based on insufficient hearsay evidence; (2) the Dade County hearing examiner lacked jurisdiction to conduct a hearing because the alleged violations occurred in Gulf County. The court apparently transferred the case to the Leon County circuit court, which found the revocation was supported by competent substantial evidence denied relief on May 1, 2006. [DE# 40, Ex. G](2005 CA 3009). Rodriguez filed a motion for rehearing on April 28, 2006,[4] and a notice of appeal on June 19, 2006. (1D06-3262).[5] On August 7, 2006, the circuit court found it lacked jurisdiction over the motion for rehearing because an appeal was already pending in the First District. The circuit court treated the motion as abandoned and denied relief. [DE# 40, Ex. H]. The First District dismissed the appeal for lack of jurisdiction because the motion for rehearing and notice of appeal were untimely. Rodriguez v. Parole Comm'n, 973 So. 2d 1153 (Fla. 1st DCA 2006); [DE# 40, Ex. K] (denying rehearing). The Florida Supreme Court dismissed review on September 5, 2007. Rodriguez v. Parole Comm'n, 966 So. 2d 968 (Fla. 2007) (SC07-60).

Rodriguez filed a Rule 3.850 motion for post conviction relief in Miami-Dade circuit court on June 8, 2006. [DE# 16, Ex. U]. He argued: (1) the Department of Corrections breached the plea agreement by requiring him to complete conditional release, then

---

[3] The filing date is used here because this petition was filed through counsel and therefore the prisoner "mailbox rule" does not apply.

[4] The Court takes judicial notice of information available at the database maintained by the Leon County Clerk of Court, Second Judicial Circuit of Florida, http://publicrecords.onlinesearches.com/FL_Leon.htm, viewed this date in case number 1D06-3262. See Fed. R. Evid. 201.

[5] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, First District Court of Appeal, http://199.242.69.70/pls/ds/ds_docket_search?pscourt=3, viewed this date in case number 1D06-3262. See Fed. R. Evid. 201.

forfeiting his gain time after he violated conditional release; (2) he should be permitted to withdraw his plea or the plea contract must be enforced to restore him to his pre-breach position due to counsel's failure to advise him of conditional release, forfeiture of gain time, and that he would be required to serve the entire sentence; (3) the court must correct the judgment and sentence to properly reflect the sentence's nunc pro tunc entry; (4) and trial counsel provided ineffective assistance by failing to advise him about gain time and conditional release, and by telling Rodriguez he would serve about seven years of his sentence. In a separate memorandum, Rodriguez asserted his motion was timely because the grounds for his motion were not known until November 9, 2005, when conditional release was revoked. [DE# 16 Ex. U]. The court denied the motion as time-barred and denied rehearing. [DE# 16 Ex. V, W, X]. The Third District affirmed. Rodriguez v. State, 961 So. 2d 953 (Fla. 3d DCA 2006) (3D06-1918). The mandate issued on August 8, 2007.[6]

On January 2, 2008, Rodriguez filed an Emergency Petition for Writ of Habeas Corpus in Miami-Dade circuit court. [DE# 40, Ex. V]. He argued he is being unlawfully detained because: (1) supervision was revoked based on hearsay, which failed to establish his violation of conditional release was willful and substantial, and deprived him of State and federal equal protection and due process; and (2) the Department of Corrections and Parole Commission illegally extended his release date beyond the statutory maximum by denying credit for time served on conditional release and forfeiting his gain time. The cause was transferred to Leon County circuit court. [DE# 40, Ex. DD] (2008 CA 411). The Leon County

---

[6] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Third District Court of Appeal, http://199.242.69.70/pls/ds/ds_docket_search?pscourt=3, viewed this date in case number 3D06-1918. See Fed. R. Ev. 201.

court entered an order deeming the action a non-habeas petition for extraordinary relief. [DE# 40, Ex. W]. The court reasoned habeas corpus is not available because the petition does not challenge the facial validity of the Parole Commission's order, and because Rodriguez was "in custody" of the Department of Corrections in Miami-Dade County. The court went on to find the petition was instead in the nature of certiorari review of the Parole Commission's actions. Rodriguez moved to relinquish jurisdiction to Miami-Dade circuit court. [DE#40, Ex. EE]. The Leon County court dismissed the petition without prejudice. [DE# 40, Ex. X]. The First District dismissed Rodriguez's appeal without mandate on May 21, 2008. [DE# 40, Ex. BB](1D08-1564).

On January 7, 2008, just five days after he filed his emergency habeas petition in Miami-Dade circuit court, Rodriguez filed a petition for writ of habeas corpus in the Third District. [DE# 16, Ex. CC]. He argued the trial court's denial of his June 8, 2006, motion as untimely, and the Third District's affirmance of that denial, resulted in manifest injustice. The Third District denied the petition without a mandate on May 1, 2008. Rodriguez v. State, 980 So. 2d 507 (Fla. 3d DCA 2008)(3D08-131). Rodriguez sought relief in the Florida Supreme Court. On September 22, 2008, the court denied the petition as successive citing Jenkins v. Wainwright, 322 So. 2d 477, 478 (Fla. 1975), for the proposition that, once a petitioner seeks relief in a particular court by means of a petition for extraordinary writ, he has picked his forum and is not entitled to a second or third opportunity for the same relief by the same writ in a different court. Rodriguez v. McNeil, 993 So. 2d 513 (Fla. 2008) (SC08-1475).

Rodriguez filed a petition for writ of habeas corpus in the First District on August 13, 2008, seeking a belated appeal of his

December 12, 2005, mandamus petition due to counsel's ineffective assistance. [DE# 40, Ex. I](1D08-4072). On September 23, 2008, the First District denied the petition based on <u>Powell v. Florida Department of Corrections</u>, 727 So. 2d 1103 (Fla. 1st DCA 1999), which holds belated appeal is unavailable for orders on writs of mandamus and habeas corpus, which are civil in nature. <u>Rodriguez v. Parole Commission</u>, 993 So. 2d 81 (Fla. 1st DCA 2008). The court denied rehearing on October 31, 2008. [DE# 40, Ex. Q].

Rodriguez filed the instant petition for writ of habeas corpus on July 10, 2008, and an amended petition on November 7, 2008. He raises the following issues:

(1) Involuntary Plea

Rodriguez should be permitted to withdraw his plea in the two underlying cases because it was involuntary. He asserts he would not have entered the plea had either his counsel or the court advised him: (a) he would be required to serve gain time on conditional release following completion of sentence; and (b) his gain time would be forfeited if he violated conditional release.

(2) Due Process and Equal Protection

Rodriguez should be permitted to attack the breach of his plea agreement (i.e., forfeiture of gaintime) in State court because his Rule 3.850 motion raising the violation of his plea agreement was timely under State law pursuant to <u>Ey v. State</u>, 982 So. 2d 618 (Fla. 2008). Denial of the Rule 3.850 motion as untimely violated due process and equal protection.

3) Due Process

Rodriguez should be granted belated review of his December 12, 2005, mandamus petition. He would assert the Parole Commission

failed to support the revocation with findings of "willful and substantial" violation of his conditional release, and would challenge the forfeiture of his gain time.

4) Due Process

Rodriguez should be immediately released from the Department of Corrections' custody because he fully satisfied his sentences. He argues his sentences expired on February 29, 2008, pursuant to his State court judgment and that the Department of Corrections lacks the authority to increase sentence beyond that imposed by the court. Moreover, he alleges it is improper to add "out of custody" time to sentence.

5) Double Jeopardy

Rodriguez should be immediately released from the Department of Corrections' custody because he fully satisfied his sentences. Recalculation of his release date following his return from control release violates double jeopardy.

6) Separation of Powers

Rodriguez should be immediately released from the Department of Corrections' custody because he fully satisfied his sentences. Extension of his release date following his return from control release violates separation of powers.

Rodriguez contends in his Motion for Stay of the instant habeas proceedings that he filed a Verified Petition for Writ of Habeas Corpus in Miami-Dade County circuit court On November 3, 2008. [DE# 23-2 at 2]. He raises the due process, double jeopardy, and separation of powers claims he asserts in Claims (4)-(6) of the instant federal habeas petition. However, it does not appear that this motion was ever filed. The motion's cover page does not

reflect any Miami-Dade case number. The Miami-Dade circuit court's electronic docket sheets do not reflect that such a motion was filed in either of Rodriguez's underlying cases.[7] Rodriguez seeks a stay of the instant habeas petition so that Claims (4)-(6) can be exhausted by the proceedings in Miami-Dade circuit court.

## II. Statute of Limitations

Rodriguez's petition is governed by section 2254. See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2005)(petitions attacking decisions of the state parole commission are subject to § 2254). Therefore the one-year limitations period of 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to this petition. See AEDPA, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[8] In rare

---

[7] The Court takes judicial notice of the information maintained by the Miami-Dade County Clerk of Courts located at http://www2.miami-dadeclerk.com/CJIS/CaseSearch.aspx. See Fed. R. Ev. 201.

[8] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

circumstances, the limitation period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D). For instance, the limitations period may run from the date on which direct review of a probation revocation ended, or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A), (D); see Chambers v. Fla. Parole Comm'n, 257 Fed. Appx. 258, 259-60 (11th Cir. 2007).

Rodriguez contends AEDPA's one-year time limit should run from January 11, 2006, when he discovered his gain time had been forfeited. Under Rodriguez's calculation, his petition is timely because less than one year of untolled time elapsed between January 11, 2006, and the date he filed his petition on July 10, 2008. The Respondent contends the petition is untimely because it was filed more than one year from the date Rodriguez's convictions and sentences became final following AEDPA's one-year grace period.

The Court disagrees with Petitioner's and Respondent's positions. Rodriguez attacks both his underlying conviction (Claims 1, 2, 4-6) and the revocation of his conditional release (Claim 3). Therefore, the one-year statute of limitations begins to run at two different times. See, e.g., Hathcock v. McDonough, 2008 WL 2814868 (S.D. Fla. July 22, 2008). The Court will address the timeliness of the two types of claims in turn.

First, Rodriguez challenges the Parole Commission's implementation of the rules governing conditional release. This includes the Parole Commission's decisions to place Rodriguez on conditional release (Claim 1) and forfeit his gain time and recalculate his sentence upon his return to custody (Claims 1, 2, 4, 5, 6). Rodriguez was aware of the factual predicate for these

claims no later than July 8, 1999, when he was placed on conditional release. See Bowen v. Sec'y Dep't of Corr., 2009 WL 482282 (M.D. Fla. 2009) (AEDPA limitation calculated from date petitioner was notified he would be placed on conditional release); Kinchen v. Sec'y, Dep't of Corr., 2008 WL 4534132 (M.D. Fla. 2008) (AEDPA limitation calculated from date petitioner was released from custody on conditional release). It is arguable he learned the factual basis for these claims in 1993, when the Florida Department of Corrections explained its administrative rules to him. See Rule 33-601.100, Fla. Admin. Code (formerly Rule 33-3.002); Rule 33-601.104(1)(a)2 ("without prior notice or hearing, an inmate shall forfeit all gain time earned prior to escape or release on supervision upon ... [r]evocation of parole, conditional release, control release or clemency...."). However, giving Rodriguez the benefit of the July 8, 1999, release date, the claims relating to the conditions of his release are still untimely.

AEDPA's limitation period therefore began running at the latest on July 8, 1999, when Rodriguez was released, and expired one year later on July, 8, 2000. Rodriguez did not file any petitions for collateral relief in the State courts that would have tolled AEDPA's one-year limitation period during that time. See § 2244(d)(2) (AEDPA's one-year period tolled during the pendency of habeas petitioner's "properly filed" state post-conviction proceedings). He filed the instant habeas petition in this Court on July 10, 2008, well outside AEDPA's one-year limit.

Claim (3) requires a different analysis because it is based on the revocation itself. In Claim (3), Rodriguez asserts entitlement to a belated appeal of his mandamus petition to challenge the sufficiency of the evidence supporting the revocation of his conditional release. The substance of this claim is the issue

11

raised in the mandamus petition, that is, sufficiency of the evidence to support the Parole Commission's revocation of conditional release. Therefore, the time for seeking habeas relief on this issue began running at the latest on November 10, 2005, the day after the Parole Commission revoked Rodriguez's control release. See Chambers, 257 Fed. Appx. at 258 (parole revocation proceedings began running at the latest the day after revocation order was entered). Rodriguez filed the instant petition on July 10, 2008, so this claim is untimely unless AEDPA's one-year statute of limitations was tolled by properly-filed collateral proceedings in State court.

Assuming Rodriguez's December 12, 2005, mandamus petition was "properly filed" under Florida's procedural rules, it tolled AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(2); Brown v. Barrow, 512 F.3d 1304, 1308 n. 2 (11th Cir. 2008) (noting a properly filed state mandamus petition challenging probation revocation would probably toll the limitations period). After the circuit court denied relief, Rodriguez filed a motion for rehearing and pursued an appeal. The Florida courts found the motion for rehearing,[9] and the notice of appeal[10] that followed to be untimely. A state court's procedural determination that a filing is untimely is generally accorded due deference and is binding on the federal courts. See Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003). However, there is an exception to this deference where a state's procedural rule is not "firmly established and regularly followed." Siebert v. Cambell, 334 F.3d 1018, 1025 (11th

---

[9] "[A] motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court." Fla. R. App. P. 9.330(a).

[10] Notice of appeal must be filed thirty days following rendition of order. Fla. R. App. P. 9.100(c); Rodriguez v. Fla. Parole Comm'n, 973 So. 2d at 1153; Rodriguez v. Parole Comm'n, 966 So. 2d at 968.

Cir. 2003). The United States Court of Appeals for the Eleventh Circuit recently determined the fifteen-day limit for seeking rehearing set forth in Florida Rule of Appellate Procedure 9.330(a), is not "firmly established and regularly followed." <u>Van Zant v. Fla. Parole Comm'n</u>, 308 Fed. Appx. 332 at *3 (11th Cir. 2009). Therefore, the motion for rehearing, although untimely under Rule 9.330, was nevertheless "properly filed" for purposes of tolling AEDPA's statute of limitations. <u>Id.</u>[11] AEDPA's limit for seeking habeas relief was tolled until September 5, 2007, when the Florida Supreme Court dismissed review of Rodriguez's mandamus petition. <u>Id.</u>; <u>Rodriguez v. Parole Comm'n</u>, 966 So. 2d at 968.

Four months ran between September 5, 2007, and January, 2008, when Rodriguez filed several motions for collateral relief in Florida circuit court which again tolled AEDPA's statute of limitations. State-court proceedings remained pending through the date Rodriguez filed the instant petition on July 10, 2008. Therefore Claim (3) was timely filed under AEDPA.

### III. <u>Exhaustion and Procedural Default</u>

The Respondent argues Claims (1) and (2) are procedurally defaulted because the State appellate court denied them as successive. This Court declines to apply procedural default to Claims (1) and (2), because default is not supported by adequate State law grounds. However, the Court finds Claim (3) to be procedurally defaulted because the State court applied a procedural bar that is supported by adequate State law grounds. The Court also finds Claims (4)-(6) to be unexhausted and denies Rodriguez's

---

[11] For the same reason, the State courts' finding the motion for rehearing and subsequent appeal were untimely is not adequate and independent grounds for applying procedural default. <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 450 (2000). However, this claim is procedurally defaulted for other reasons that are set forth below.

motion to stay because an attempt to exhaust those grounds in State court would be futile.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c).[12] A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. at 275-77. To satisfy this

---

[12] Section 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>      (A) the applicant has exhausted the remedies available in the courts of the State; or
>      (B)(i) there is absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>                    .    .    .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." <u>Jimenez v. Fla. Dep't of Corr.</u>, 481 F.3d 1337 (11th Cir. 2007) (citing <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." <u>Snowden v. Singletary</u>, 135 F.3d 732, 735 (11th Cir. 1998).

Procedural default arises when "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A claim is procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar. <u>Coleman v. Thompson</u>, 501 U.S. 722, 734-35 and n. 1 (1991). The state court's basis for rejecting the claim must be firmly established and regularly followed, and not applied in an "arbitrary or unprecedented fashion," <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. <u>Ford v. Georgia</u>, 498 U.S. 411, 424-25 (1991); <u>Upshaw v. Singletary</u>, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner can avoid procedural default by demonstrating (1) objective cause for failing to properly raise the claims before the state courts and (2) actual prejudice resulting from the errors complained of. <u>See</u> <u>Dretke v. Haley</u>, 541 U.S. 386 (2004); <u>see also</u> <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). In addition, procedural default should not be applied if it would result in a fundamental miscarriage of justice, for instance, when a petitioner alleges factual innocence. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518 (2006) (holding actual innocence

requires substantive review only in extraordinary cases); see also
Dretke, 541 U.S. at 392-93.

Claims (1) and (2): Involuntary Plea

     In Claim (1), Rodriguez argues his guilty plea was involuntary
because counsel failed to advise him of the conditional release and
gain-time consequences. In Claim (2), he contends the State court
violated due process and equal protection by denying the 3.850
motion raising the involuntary plea issues as untimely. The Court
finds these claims are exhausted and not procedurally defaulted.

     Rodriguez raised the involuntary plea claim in his June 8,
2006, Rule 3.850 motion. [DE# 16, Ex. U]. He asserted he timely
filed the 3.850 motion within two years of learning the grounds for
the motion when conditional release was revoked on November 9,
2005. The trial court denied the motion as untimely, presumably
because it was filed more than two years after the conviction and
sentence became final. See Fla. R. Crim. P. 3.850(b) (two-year time
limit runs from date conviction and sentence become final). [DE#
16, Ex. V]. The Third District per curiam affirmed. Rodriguez v.
State, 961 So. 2d at 953 (3D06-1918). Rodriguez argued the denial
of his 3.850 motion was manifestly unjust in his January 7, 2008,
emergency habeas petition to the Third District. [DE# 16, Ex. CC].
The Third District denied relief and the Florida Supreme Court
found it was successive. Rodriguez v. McNeil, 993 So. 2d at 513.

     The last reasoned State court opinion on the involuntary plea
claim was the Florida Supreme Court's finding it was successive.
This Court declines to apply procedural default, however, because
it is unable to conclude it is supported by adequate State law
grounds. Under Florida law, a petitioner who seeks an extraordinary
writ is generally prevented from seeking the same relief a second

or third time in a different court. <u>See</u> <u>Jenkins v. Wainwright</u>, <u>Jenkins v. Wainwright</u>, 322 So. 2d 477, 478 (Fla. 1975). However, the Florida Rules of Criminal Procedure provide "[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the **prior determination was on the merits**...." Fla. R. Crim. P. 3.850(f) (emphasis added).

Rodriguez's Rule 3.850 arguing involuntary plea was denied as untimely and not on the merits. The emergency habeas petition that followed it therefore does not appear to be "successive" under Rule 3.850. <u>See</u> <u>Love v. State</u>, 814 So. 2d 475 (Fla. 4th DCA 2002) (subsequent motion not "successive" because the prior motions were denied as untimely, not on the merits). This Court accordingly declines to apply procedural default to Claims (1) and (2).

<u>Claim (3): Sufficiency of the Evidence</u>

In Claim (3), Rodriguez seeks belated review of the mandamus petition in which had alleged insufficiency of the evidence to revoke conditional release. The Court finds this claim is procedurally defaulted because the State court procedurally barred it based on adequate State law grounds.

On August 13, 2008, Rodriguez sought a belated appeal of the mandamus petition in which he raised sufficiency of the evidence to revoke conditional release. [DE# 40, Ex. I]. He explained he failed to timely appeal due to counsel's negligence. The First District denied the belated appeal, citing <u>Powell v. Florida Department of Corrections</u>, 727 So. 2d 1103 (Fla. 1st DCA 1999). <u>Powell</u> stands for the proposition that the Florida Rules of Appellate Procedure[13] do

---

[13] <u>See</u> Fla. R. App. P. 9.141(c) (previously Rule 9.140(j)).

not provide belated appeals from proceedings that are civil in nature, such as mandamus petitions. Instead, relief in civil cases must be sought in the trial court.

Rodriguez had, in fact, previously raised sufficiency of the evidence in Miami-Dade and Leon County circuit courts. On January 2, 2008, Rodriguez sought emergency habeas relief in Miami-Dade circuit court. [DE# 40, Ex. V]. The Miami-Dade court transferred the case to Leon County circuit court. The Leon County court, in turn, dismissed without prejudice upon Rodriguez's motion to relinquish jurisdiction to the Miami-Dade court. [DE# 40, Ex. X]. Rodriguez never pursued relief in Miami-Dade County circuit court. Instead, he sought relief in Florida's appellate courts which denied relief on procedural grounds. As already noted, the last court to issue a reasoned decision denying the mandamus insufficient evidence claim "clearly and expressly" found it was barred by Florida law. Harris v. Reed, 489 U.S. 255, 263 (1989); see Rodriguez v. Parole Comm'n, 993 So. 2d 81 (Fla. 1st DCA 2008). As Rodriguez failed to properly present his claim in Florida circuit court, it is unexhausted.

Independent and adequate state law grounds support the State court's application of procedural bar. Florida Appellate Rule 9.141, entitled "Review Proceedings in Collateral or Post-Conviction Criminal Cases...," has been construed by Florida Courts to provide for belated appeals in criminal proceedings only. See In re Commitment of May, 975 So. 2d 579 (Fla. 2d DCA 2008) (Jimmy Ryce Act); Kleparek v. State, 964 So. 2d 225 (Fla. 4th DCA 2007) (Jimmy Ryce Act); V.H. v. Dept't of Childern & Fam. Servs., 893 So. 2d 639 (Fla. 2d DCA 2005) (termination of parental rights); Powell, 727 So. 2d at 1103 (mandamus). In civil proceedings the appropriate remedy is to seek relief in the trial court rather than petitioning

the appellate court for a belated appeal under Rule 9.141. <u>See</u>, <u>e.g.</u>, <u>May</u>, 975 So. 2d at 579 (civil litigant must general move trial court for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540); <u>Kleparek</u>, 964 So. 2d at 225 (litigant should seek habeas relief in trial court); <u>see also</u> <u>In the Interest of E.H.</u>, 609 So. 2d 1289 (Fla. 1992) (granting belated appeal in the unique circumstances of the termination of parental rights before the court; noting the proper procedure in parental rights cases is to seek habeas relief in trial court). This rule is firmly established and regularly followed. <u>See</u> <u>id.</u> Therefore, it provides independent and adequate state law basis for the procedural bar.

Rodriguez has failed to show cause and prejudice that would excuse his procedural default. Counsel's ineffectiveness "will constitute cause only if it is an independent constitutional violation." <u>Coleman</u>, 501 U.S. at 755. There is no constitutional right to an attorney in proceedings to revoke probation or supervised release. <u>See</u> <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 787-88 (1973) (no right to counsel for probation revocation); <u>Jones v. Wainwright</u>, 604 F.2d 414, 416 (5th Cir. 1979) (same); <u>see also</u> <u>United States v. Frazier</u>, 26 F.3d 110, 113-14 (11th Cir. 1994) (finding no difference between revocation of probation or parole and supervised release). Because Rodriguez "was not entitled to counsel at all in his revocation proceedings ..., he can not obtain relief based upon his ineffective assistance of counsel claims...." <u>Lee v. United States</u>, 2006 WL 2175586 at *2 (M.D. Fla. July 31, 2006). Accordingly, counsel's failure to timely file the mandamus appeal cannot constitute "cause" for habeas purposes. <u>See</u> <u>Coleman</u>, 501 U.S. at 757 (habeas petitioner had no right to counsel to pursue his state habeas appeal, so default caused by attorney error in state court was not cause to excuse default in federal court).

No fundamental miscarriage of justice will result from applying procedural default to Rodriguez's claim. Accordingly, Rodriguez's mandamus claim that there was insufficient evidence to revoke his conditional release is procedurally defaulted and he is not entitled to consideration on the merits.

Claims (4)-(6): Due Process, Double Jeopardy, Separation of Powers

Rodriguez concedes Claims (4)-(6) are unexhausted and requests this Court stay the habeas proceedings to allow him to exhaust these claims in a Rule 3.850 motion he claims is pending in Miami-Dade circuit court. The stay is denied because Rodriguez has presented a mixed petition of exhausted and unexhausted claims, and any attempt to exhaust claims in State court would be futile.

When presented with a "mixed" petition raising both exhausted and unexhausted claims, the district court ordinarily must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004). In extraordinary cases, the district court has discretion to grant a stay to allow the petitioner to exhaust the unexhausted claim. Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (stay and abeyance is available in limited circumstances, only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as

no basis for federal habeas relief." <u>Kelley</u>, 377 F.3d at 1351.

A stay permitting Rodriguez to exhaust Claims (4)-(6) is not warranted because these claims would be procedurally barred in State court. Rodriguez has already sought collateral relief which the trial court denied and the appellate court affirmed. The Rule 3.850 motion he attempted to file on November 3, 2008, would be barred as a successive absent an exception that is not evident in the instant case. <u>See</u> Fla. R. Crim. P. 3.850(f); <u>see also</u> <u>Moore v. State</u>, 820 So. 2d 199, 205 (Fla. 2002)(a second or successive motion for postconviction relief can be denied as an abuse of process if there is no reason for failing to raise the issues in the previous motion).

Moreover, Rodriguez cannot exhaust Claims (4)-(6) because his November 3, 2008, Rule 3.850 motion is time-barred. Rodriguez's conviction and sentence became final for purposes of Florida law on October 1, 1993, when the thirty-day limit for seeking a direct appeal expired. <u>See</u> Fla. R. App. P. 9.110(b); <u>Demps v. State</u>, 696 So. 2d 1296, 1297 n.1 (Fla. 3d DCA 1995). He was placed on conditional release on July 8, 1999, and conditional release was revoked on November 9, 2005. Rodriguez attempted to file his November 3, 2008, Rule 3.850 motion well beyond two years from any of the foregoing dates. <u>See</u> Fla. R. Crim. P. 3.850(b) (stating the two-year time limit for seeking 3.850 relief runs from the date the conviction and sentence become final, or from the date of newly discovered evidence).

Rodriguez's unexhausted claims are incapable of exhaustion at the State level and any future attempt to exhaust them would be barred under Florida law. Because there are no procedural avenues which would allow Rodriguez to return to State court and exhaust

Claims (4)-(6), they are procedurally defaulted from federal review. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999)(where state prisoner failed to raise a federal claim in state postconviction proceedings, and it is obvious the unexhausted claim would be procedurally barred due to a State-law procedural default, federal habeas court may foreclose petitioner's filing in State court); Collier v. Jones, 910 F.2d 770, 773 (11th Cir. 1990)(where dismissal to allow exhaustion of unexhausted claims would be futile due to State procedural bar, claims are procedurally barred in federal court as well).

Rodriguez has not demonstrated cause and prejudice. Therefore, he cannot overcome the procedural bar. See O'Sullivan v. Boerckel, 526 U.S. at 848-49; Coleman, 501 U.S. at 750-51; United States v. Frady, 456 U.S. at 168; Sykes, 433 U.S. at 72. Nor has Rodriguez demonstrated the procedural bar would result in a manifest injustice by alleging factual innocence. See House v. Bell, 547 U.S. at 538 (holding actual innocence requires substantive review only in extraordinary cases); see also Dretke, 541 U.S. at 392-93.

Because unexhausted Claims (4)-(6) may not form the basis of federal habeas relief, it is not appropriate to stay this federal habeas corpus proceeding. See Rhines v. Weber, 544 U.S. at 269.

IV. Standard of Review

Section 104(d) of the AEDPA provides that a prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the decision of the state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of

the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1),
(2); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000); <u>Fugate v.</u>
<u>Head</u>, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable
application of" the Supreme Court's clearly established federal law
only if the state court applies a rule that contradicts the
governing law as set forth in Supreme Court case law, or if the
state court confronts a set of facts that are materially
indistinguishable from those in a decision of the Supreme Court and
nevertheless arrives at a result different from Supreme Court
precedent. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Williams v.</u>
<u>Taylor</u>, 529 U.S. at 405-06. In the habeas context, clearly
established federal law refers to the holdings of the Supreme
Court's decisions as of the time of the relevant state-court
decision. <u>Hall v. Head</u>, 310 F.3d 683, 690 (11th Cir. 2002) (citing
<u>Williams v. Taylor</u>, 529 U.S. at 412). The state court does not need
to cite Supreme Court decisions or even be aware of the Supreme
Court cases. <u>See</u> <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v.</u>
<u>Sec'y, Dep't of Corr.</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state
court decision contradicts Supreme Court decisions, the state
court's decision will not be disturbed.[14] <u>Id.</u> Further, a federal
court must presume the correctness of the state court's factual

---

[14] The Eleventh Circuit has continued to stress the importance of the
standard established in Section 2254(d), stating that the AEDPA "places a new
constraint on the power of a federal habeas court to grant a state prisoner's
application for a writ of habeas corpus with respect to claims adjudicated on
the merits in state court." <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11th Cir.
2002). Specifically, the AEDPA "modified a federal habeas court's role in
reviewing state prisoner applications in order to prevent federal 'retrials'
and to ensure that state court convictions are given effect to the extent
possible under law." <u>Id.</u> at 1295 (quoting <u>Bell v. Cone</u>, 535 U.S. 685 (2002));
<u>see also</u>  <u>Hawkins v. Alabama</u>, 318 F.3d 1302 (11th Cir. 2003)(discussing
AEDPA's limits on federal court authority).

findings unless the petitioner overcomes them by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001).

V.<u>Discussion</u>

Even if Rodriguez's petition was not untimely and procedurally defaulted, it should be denied on the merits.

(1)-(2) <u>Involuntary Plea</u>

Rodriguez argues in Claim (1) he should be permitted to withdraw his guilty plea in the two underlying cases because it was involuntary. He asserts he would not have entered the plea had counsel or the court advised him: (a) he would be required to serve gain time on conditional release following completion of the sentence; (b) gain time would be forfeited if he violated conditional release; and (c) counsel told him that he would earn substantial gain time and would only serve about half of his seventeen-year sentence. In Claim (2), he contends the State court's rejection as untimely of his Rule 3.850 motion raising the foregoing violated due process and equal protection.

First, taking Rodriguez's allegation are true, counsel was not ineffective for failing to advise Rodriguez that he may be placed on conditional release and gain time could be forfeited. Counsel is not constitutionally ineffective for failing to inform a defendant of collateral consequences of a guilty plea. <u>United States v. Campbell</u>, 778 F.2d 764, 768 (11th Cir. 1985). Conditional release and forfeiture of gain time if that release is revoked are collateral consequences of which a defendant need not be informed before pleading guilty. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985) (parole eligibility is a collateral rather than a direct consequence of a guilty plea). Therefore, assuming that counsel

24

failed to advise Rodriguez about conditional release and gain time forfeiture, any such deficiencies are insufficient to support an ineffective assistance of counsel claim.

Rodriguez's claim that counsel affirmatively misadvised him about the amount of time he would serve on his sentence requires a different analysis. Rodriguez claims that, although the plea called for a seventeen-year prison sentence, counsel told him he would serve substantially less time due to gain-time. The Eleventh Circuit has "distinguished between trial counsel's failure to inform a defendant of potential collateral consequences and counsel's affirmative misadvice to a defendant regarding potential collateral consequences." Bauder v. Dep't of Corr., 2009 WL 1483523 at *1 (11th Cir. May 28, 2009). Whether counsel was ineffective based on a misrepresentation depends on the totality of the circumstances. Downs-Morgan v. United States, 765 F.2d 1534, 1540-41 (11th Cir. 1987).

The record suggests Rodriguez was aware of the consequences of his plea. During the plea colloquy, he stated that he was not promised anything in any way to enter the plea. [DE# 3 at 62]; but see Holmes v. United States, 876 F.2d 1545 (11th Cir. 1989) (suggesting an evidentiary hearing may be needed to determine whether counsel's performance fell below an objective standard of reasonableness, and whether petitioner would have insisted on going to trial had his attorney not misled him). Relief should be denied even if counsel misadvised Rodriguez because he cannot establish prejudice, that is, that he would not have pled nolo contendere had counsel correctly advised him. Rodriguez simply makes a conclusory statement that he would not have entered a plea had counsel correctly advised him about the operation of gain-time. However, the State dropped a racketeering charge in exchange for Rodriguez's

25

nolo contendere plea. That first-degree felony carried a potential thirty-year sentence, heavy fine, or habitual offender sentence. § 895.04, Fla. Stat. (RICO statute setting forth sentences and treble damages fines); § 775.082-84, Fla. Stat. (potentially applicable sentencing statutes). Rodriguez could have, indeed, drastically reduced the length of his sentence by refraining from violating the conditions of his release. He chose not to do so and that decision forfeited his gain-time. His self-serving statement that he would not have entered the plea had counsel explained gain-time properly is insufficient to demonstrate Strickland prejudice. See Powell v. McDonough, 2007 WL 1364338 (May 8, 2007) (habeas denied where petitioner made no showing that, absent attorney's assurance about probationary sentence, he would not have entered plea and proceeded to trial; petitioner's conclusory after-the-fact statements were insufficient to show prejudice).

Rodriguez's due process and equal protection claims lack merit. As to Rodriguez's due process claim, he was not prejudiced by the State court's finding that his Rule 3.850 motion was time-barred because the 3.850 claims lacked merit. His equal protection claim should also be rejected. Equal protection requires that persons similarly situated be treated similarly. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985). Here, Rodriguez fails to state how he was treated differently than other Florida prisoners who were similarly situated.

Because Rodriguez has failed to satisfy both prongs of Strickland's two-part test, the State court's rejection of his ineffective assistance of counsel claims is not an unreasonable application of Strickland.

(3) Sufficiency of the Evidence to Support Revocation

Rodriguez seeks a belated appeal of his December 12, 2005, mandamus petition, in which he argued the Parole Commission violated due process by revoking conditional release and forfeiting his gain time without finding "willful and substantial" violation. The Florida court's rejection of Rodriguez's claim that the revocation of his conditional release violated due process is not contrary to or an unreasonable application of clearly established federal law.

Once an inmate has been placed on supervised release, the loss of liberty necessitated in revocation proceedings requires that releasees be accorded due process. Gagnon, 411 U.S. at 778; Morrissey v. Brewer, 408 U.S. 471 (1972); Brown v. McNeil, 591 F.Supp.2d 1245 (M.D. Fla. 2008) (conditional releasee must be afforded the same protection under the Fourteenth Amendment as is accorded probationers or parolees). The minimum due process requirements during revocation proceedings include: (a) written notice of the claimed violations; (b) disclosure of the evidence against him; (c) opportunity to be heard in person and present witnesses and documentary evidence; (d) opportunity to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; (f) a written statement by the factfinders as to the evidence relied on and reasons for revocation. Morrissey, 408 U.S. at 489. see Peters v. State, 984 So. 2d 1227 (Fla. 2008) (in Florida, revocation proceedings are governed by due process considerations).

Rodriguez presently complains that the Parole Commission never formally found the violation was "willful and substantial" and that, due to counsel's ineffectiveness, he never had the chance to appeal the denial of his mandamus petition challenging the revocation. These ground do not merit relief because no constitutional violation has been demonstrated.

First, Rodriguez has failed to demonstrate the revocation violated a constitutional right. Federal habeas relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe a defendant's constitutional rights provide no basis for federal habeas corpus relief); Barclay v. Florida, 463 U.S. 939, 958-59 (1983) ("[m]ere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Tejada v. Dugger, 941 F.2d 1551 (11th Cir. 1991) (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)). Federal habeas corpus review of a state law claim is, therefore, precluded if constitutional violations or facts indicating such violations are alleged. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). More specifically, the Eleventh Circuit has held consistently that federal courts cannot review a state court's alleged failure to adhere to its own sentencing procedures. Id.

Here, Rodriguez does not allege the evidence was actually insufficient to support revocation -- just that the Parole Commission failed to find the violations were "willful and substantial." The requirement of finding a willful and substantial violation "is clearly a product of Florida state law," not federal law. See, e.g., Rainey v. Fla. Parole Comm'n, 2009 WL 195945 at *2

(S.D. Fla. Jan. 23, 2009); see also Johnson v. David, 2006 WL 4821442 at *6 (M.D. Fla. Nov. 29, 2006) (state court's finding of willful and substantial violation is a matter of state law).

Moreover, Rodriguez's allegations have not undermined this Court's confidence in the outcome of the proceedings. Rodriguez was represented by privately-retained counsel at the violation hearing at which several witnesses testified and exhibits were admitted into evidence. See [DE# 23 at 86]. The Florida circuit court found the decision to revoke conditional release was supported by competent substantial evidence. In addition, Rodriguez's allegations address only the formality of the revocation, not its substance. Under these circumstances, no constitutional deprivation is evident. See Haralson v. Fla. Parole Comm'n, 2006 WL 2331029 (N.D. Fla. Aug. 8, 2006) (no due process violation where petitioner did not dispute any of the testimony or come forth with any evidence or argument to challenge the factual findings that he violated the conditions of his release).

Second, counsel's failure to seek an appeal of the mandamus petition did not deprive Rodriguez of a constitutional right. There is no right to counsel for probation revocation proceedings. See section III, supra. Rodriguez's claim that counsel's performance at such a proceeding was deficient therefore cannot constitute the deprivation of a constitutional right.

To the extent Rodriguez argues his gain time should not have been forfeited, this is an issue of State law that is not cognizable on a federal habeas petition for the reasons set forth in the discussion of Claims (4)-(6), infra.

29

(4)-(6) <u>Due Process, Double Jeopardy, Separation of Powers</u>

Rodriguez argues he should be immediately released from the Department of Corrections' custody because he fully satisfied his sentences. He argues his sentences expired on February 29, 2008, pursuant to his State court judgment and that the Department of Corrections lacks the authority to increase sentence beyond that imposed by the court. He alleges that adding "out of custody" time to his sentence and recalculating his release date violates due process, double jeopardy and separation of powers.

Rodriguez's complaints about forfeiture of gain time and recalculation of his sentence only raise issues of State law, and implicate no federal constitutional right. See <u>Estelle v. McGuire</u>, 502 U.S. at 67-68; <u>Barclay v. Florida</u>, 463 U.S. at 958-59. A Florida prisoner has no liberty interest in parole that is created by State statutes. <u>Hunter v. Fla. Parole & Probation Comm'n</u>, 674 F.2d 847, 848 (11th Cir. 1982); <u>see also</u> <u>McNeil v. Canty</u>, 2009 WL 1793375 (Fla. June 25, 2009); § 947.1405, Fla. Stat.; § 947.141, Fla. Stat. Therefore, the calculation of gain time and release date reveals "no deprivation of a federally protected right" upon which habeas relief could be based. <u>Id.</u> Rodriguez's reincarceration and forfeiture of gain time were the direct result of his violation of the conditions of his release. His violation of these State requirements, and the consequences the State imposed, provide no basis for federal habeas relief.

It is therefore recommended that the motion for stay be denied, and the petition for writ of habeas corpus be dismissed due to untimeliness and procedural default, or alternatively denied on the merits.

Objections to this report may be filed with the District

30

Judge within ten days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 22nd day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Roberto Rodriguez, Pro Se
     DC# 419461
     Dade Correctional Institution
     19000 SW 377 Street
     Florida City, FL 33034-6409

     Jill Kramer, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131

31