UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-22059-CIV-JORDAN

| | | |
|---|---|---|
| ROBERTO RODRIGUEZ, | ) | **CLOSED** |
| Petitioner, | ) | **CIVIL** |
| vs. | ) | **CASE** |
| WALTER MCNEIL, | ) | |
| Respondent | ) | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS & CLOSING CASE

Upon a de novo review of the record, including Mr. Rodriguez's objections [D.E. 46], I adopt Magistrate Judge White's report and recommendation [D.E. 43] as to the merits of Mr. Rodriguez's claims, and add the following analysis as to timeliness and Claims 1 and 3 below. Accordingly, Mr. Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied on the merits

• Timeliness: Mr. Rodriguez contends that Magistrate Judge White incorrectly conducted a claim-by-claim analysis in evaluating the timeliness of the habeas petition. I agree. Under Eleventh Circuit precedent, a district court must determine whether the petition as a whole is timely by looking at when the judgment being challenged became final. If one claim is timely, then other claims that would be time-barred may be considered. *See Ferreira v. Dept. of Corrections,* 494 F.3d 1286, 1292-93 (11th Cir. 2007); *Walker v. Crosby,* 341 F.3d 1240, 1245 (11th Cir. 2003). Because it is undisputed that at least one of Mr. Rodriguez's claims is timely, I will review all of the claims on the merits without applying any time bar. I will also assume, for purposes of this order, that none of Mr. Rodriguez's claims are unexhausted or procedurally barred. On the merits, I adopt Magistrate Judge White's rulings and add the following as to Claims 1 and 3.

• Claim 1: In Claim 1, Mr. Rodriguez alleges that his initial nolo contendere plea was constitutionally invalid (i.e., not knowing and voluntary) because he would have gone to trial had he known that he would (or could) be subject to conditional release pursuant to Fla. Stat. § 947.1405, and would have to serve the amount of accumulated gain time on conditional release supervision. There are also some allegations that trial counsel rendered ineffective assistance by failing to tell Mr.

Rodriguez that at some point during his 17-year sentence he could (or would) be subject to conditional release and that he could forfeit any gain time if he violated conditional release. Significantly, Mr. Rodriguez does not allege that the court or his counsel affirmatively gave him incorrect information or advice about conditional release or loss of gain time. Instead, he claims that the court and counsel failed to inform him as to these matters. *See* Amended Petition at 4.

Mr. Rodriguez is not entitled to relief on Claim 1. Conditional release (a form of parole) is a collateral consequence of a plea. *See Holmes v. United States,* 876 F.2d 1545, 1548-49 (11th Cir. 1989). There is no constitutional requirement that a defendant be advised of collateral consequences of a plea, and the failure to so advise a defendant does not render his plea involuntary. *See Jules v. Dept. of Corrections,* 2009 WL 405362, *4 (11th Cir. 2009). *See also United States v. Campbell,* 768 F.2d 764, 768 (11th Cir. 1985) ("a defendant's lack of knowledge of . . . collateral consequences cannot affect the voluntariness of the plea"). And an attorney is not required to inform a defendant about such collateral consequences. *See Bauder v. Dept. of Corrections,* 2009 WL 1483523, *1 (11th Cir. 2009) ("counsel is not constitutionally ineffective for failing to inform a defendant of collateral consequences of a guilty plea"). Again, this is not a case where a court or an attorney affirmatively provided incorrect advice about a collateral consequence like conditional release or loss of gain time. If this were such a case, there might be a need for an evidentiary hearing. *See Bauder,* 2009 WL 1483523, at *1 (citing cases). But it is not.

- Claim 3: In his objections, Mr. Rodriguez clarifies that Claim 3 does not challenge the sufficiency of the evidence supporting his conditional release revocation, and specifies that Claim 3 is not an ineffective assistance of counsel claim. Instead, says Mr. Rodriguez, Claim 3 is a claim of denial of due process based on *Zinernon v. Burch,* 494 U.S. 113 (1990), "where the state deprived him of a means to seek redress for his loss of appellate review due to counsel's *gross negligence."* *See* Objections at 11 (emphasis in original). Claim 3 also does not warrant relief.

Under Florida law, "[i]n the absence of a statutory right to an appeal, . . . review of a Parole Commission order remains available by mandamus or habeas corpus." *Mabrey v. Fla. Parole Comm'n,* 858 So.2d 1176, 1181 (Fla. 2nd DCA 2003). Mr. Rodriguez filed a mandamus petition to challenge the Parole Commission's revocation, but the circuit court denied the petition on May 1, 2006. The First District (in a 2-1 decision) ultimately dismissed Mr. Rodriguez's appeal from the

denial of mandamus relief because it was untimely, and the Florida Supreme Court denied a petition for review on September 5, 2007. *See Rodriguez v. Fla. Parole Comm'n*, 973 So.2d 1153 (Fla. 1st DCA 2006); *Rodriguez v. Fla. Parole Comm'n*, 966 So.2d 968 (Fla. 2007). Mr. Rodriguez sought to file a belated appeal, but that was denied by the First District in *Rodriguez v. Fla. Parole Comm'n*, 993 So.2d 81 (Fla. 1st DCA 2008), which cited *Powell v. Fla. Dept. of Corrections*, 727 So.2d 1103 (Fla. 1st DCA 1999) (belated appeal rule for criminal cases does not apply to proceedings involving a prisoner's petitions for writs of mandamus/habeas corpus, which are civil in nature).

Mr. Rodriguez contends that the First District put him in an impossible predicament ("a procedural 'Catch 22,'" according to Mr. Rodriguez) by citing to its prior decision in *Powell* because a conditional release revocation hearing is not a civil proceeding and is instead a collateral criminal proceeding. Mr. Rodriguez therefore argues that as a matter of law he could not have sought any other relief under the Florida Rules of Civil Procedure (e.g., Fla. R. Civ. P. 1.540(b)).

The problem for Mr. Rodriguez is that his underlying premise is incorrect. Under both federal law and Florida law, revocation proceedings (for probation, parole, community control, etc.) are not considered criminal proceedings, even though they may result in further incarceration or loss of liberty. *See, e.g., Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *Peters v. State*, 984 So.2d 1227, 1229-32 (Fla. 2008). As a result, the First District did not violate Mr. Rodriguez's due process rights by refusing to allow a belated appeal (a remedy permitted in criminal cases) and requiring Mr. Rodriguez to use whatever civil remedies were available.

The habeas corpus petition is denied, and this case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 7th day of October, 2009.

_____
Adalberto Jordan
United States District Judge

Copy to:    All counsel of record

Roberto Rodriguez, pro se, DC # 419461, Dade Correctional Institution, 19000 S.W. 377th Street, Suite 300, Florida City, Florida 33034.

3